IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DELBERT HEARD,

    Plaintiff,

v.

WEXFORD HEALTH SOURCES, et al.,

    Defendants.

Case No. 3:09-cv-00449-JPG-PMF

ORDER

This matter comes before the Court on Magistrate Judge Philip M. Frazier's Report and Recommendation (R&R) (Doc. 97) wherein it is recommended that defendant Elyea's motion for summary judgment (Doc. 75) be denied, and defendants Dr. Feinerman, Dr. Shepard, and Wexford Health Sources motion for summary judgment (Doc. 76) be granted in part and denied in part.

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* The Court must review *de novo* the portions of the report to which specific written objections are made. *Id*. "If no objection or only partial objection is made, the district court Judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Both the Plaintiff (Doc. 99) and Defendant Elyea (Doc. 102) have objected to the portion of the R&R pertaining to Defendant Elyea, thus the Court reviews only

1

this section *de novo*.¹ Plaintiff's objection to this R&R appears, however, to be misguided as he objects to Defendant Elyea's motion for summary judgment being granted in the R&R and it was not. (Doc. 97).

## **BACKGROUND**

The background as provided in the R&R has not been objected to and thus the Court only gives a brief summary. In 2002 Plaintiff Delbert Heard filed grievances regarding surgery needed for hernias. Defendant Elyea was the medical director for the Illinois Department of Corrections until May 1, 2007. Plaintiff has alleged Defendant Elyea, amongst others, was deliberately indifferent to his medical needs, violating his rights under the Eight Amendment. Plaintiff received surgery for his hernias on May 22, 2007. He commenced this action on May 19, 2009.

Defendant Elyea brings a motion for summary judgment on the basis of the statute of limitations. Elyea argues that while the statute of limitations for a continuing violation begins at the time the violation is resolved, it also can begin when the defendant no longer has control over the situation. The Court agrees.

I. Standard

Federal civil rights claims arising in Illinois are subject to the state two-year personal injury limitation period under 735 ILCS 5/13-202. *Wallace v. Kato*, 127 S. Ct. 1091, 1095 (Feb. 21, 2007); *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).

As previously discussed by the Court in its order denying summary judgment on the basis of exhaustion of remedies (Doc. 103), the behavior alleged by the Plaintiff is a continuing violation. The Seventh Circuit has held when there is a continuing violation; the statute of limitations

---

¹ The Court notes Plaintiff objects not only to the Report and Recommendation before the Court (Doc. 97) but also to a prior R&R (Doc. 68). The previous R&R will not be addressed here.

begins to run either when the injury is resolved or "as long as the defendants had the power to do something about his condition." *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001); *Jervis v. Mitcheff*, 258 F. Appx. 3 (7th Cir. 2007) (stating "Deliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided or the inmate is released." *Id.* at 5-6).

II. Analysis

Defendant Elyea retired on May 1, 2007, at which point he was powerless to effect the condition or medical care of the Plaintiff in any way. The Court finds the statute of limitations began running as applied to Defendant Elyea on that day as he no longer "had the power to do something" as required by the Seventh Circuit to maintain a continuing violation. *See Heard*, 253 F.3d at 318. As articulated by the Northern District of Indiana interpreting *Heard*, "the doctrine has limits, and in the context of prisoner's deliberate indifference claims, the claim doesn't accrue as long as the defendants had the power to do something about his condition." *Lampley v. Mitcheff*, 2010 WL 4362826, *4 (N.D. Ind. Oct. 27, 2010). This Court agrees. Any other finding could render potential defendants eternally liable which would undermine the entire purpose of a statute of limitation.

Defendant Elyea retired May 1, 2007 and the statute of limitations began to run the next day. The Plaintiff filed his suit on May 22, 2009 and thus it is barred as to Elyea based upon the statute of limitations.

## CONCLUSION

Accordingly, the Court hereby **ADOPTS** the R & R (Doc.97) **in part**. The Court **GRANTS** Defendant Elyea's motion for summary judgment (Doc. 75) and **GRANTS in part**

3

and **DENIES in part** Defendants' Dr. Feinerman, Dr. Shepard and Wexford Health Source's motion for summary judgment (Doc.76). The Court **DENIES** Plaintiff's Motion for relief from Judgment (Doc. 99) which was construed as an objection to the R&R. (Doc. 97).

The Court **GRANTS** judgment in favor of Defendant Elyea and for Defendant Wexford Health Sources on the claim of civil conspiracy and directs the clerk of court to enter judgment accordingly at the conclusion of the case.

**IT IS SO ORDERED.**

**DATED: September 26, 2011.**

<u>s./ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**District Judge**